[L. A. No. 241. Department One.—July 9, 1897.]

## WILLIAM G. COCHRAN ET AL., TRUSTEES OF WHITTIER STATE SCHOOL, RESPONDENTS, *v*. LOS ANGELES COUNTY, APPELLANTS.

WHITTIER STATE SCHOOL—LIABILITY OF COUNTY FOR HALF EXPENSE OF INMATES.—Under section 24 of the act of 1893 (Stats. 1893, p. 328), amending the act of 1889 (Stats. 1889, p. 111), establishing a reform school for juvenile offenders, now called the Whittier State School, the legislature intended to impose upon the several counties from which inmates were committed by order of the superior court of the county, one-half of

the expense of keeping all minors committed to the institution therefrom for any cause, whose parents, guardians, or other protectors were unable to pay such expense, and such liability is not limited to any class of inmates, whether committed as incorrigible or abandoned and indigent minors, or committed for violation of the penal statutes of the state.

Appeal from a judgment of the Superior Court of Los Angeles County. Lucien Shaw, Judge.

The facts are stated in the opinion.

*J. A. Donnell,* and *F. R. Willis,* for Appellant.

*W. F. Fitzgerald, Attorney General,* and *W. H. Anderson, Assistant Attorney General,* for Respondents.

Belcher, C.—This is an action brought by the trustees of the Whittier State School against the county of Los Angeles to recover the sum of three thousand and sixty-four dollars and five cents, with interest thereon, being one-half of the cost of keeping and taking care of certain minors committed to said school under the provisions of the Whittier State School act.

The defendant demurred to the complaint, and, the demurrer being overruled, answered. The case was then tried and judgment rendered in favor of the plaintiffs according to the prayer of the complaint. From that judgment defendant appealed upon the judgment-roll; and its only contention is that the complaint did not state facts sufficient to constitute a cause of action, and hence its demurrer should have been sustained.

It is alleged in the complaint "that at the instance and under and pursuant to the judgments and orders, duly made and given, of the superior court of said Los Angeles county, there were committed to said Whittier State School the following minors, hereinafter named, who were inmates of said school under the commitments of said court, and were received at the dates and cared for during the times and periods set opposite their names respectively," and "that none of said minors were committed at the instance or on complaint of any of their

parents or guardians or protectors respectively, but were committed by said superior court of defendant county, in each case, after complaint or information or pending investigation by the grand jury of said Los Angeles county, and while criminal charges were made against said minors respectively, and each of them was committed other than under section 20 of said acts hereinbefore mentioned."

In 1889 an act was passed by the legislature to establish in Los Angeles county an institution to be known as the "Reform School for Juvenile Offenders." (Stats. 1889, p. 111.) Sections 16, 17, and 18 of the act provide that any boy or girl, between the ages of ten and sixteen years, convicted or charged with the commission of a crime, may be committed to the institution. And section 20 provides that the board of trustees may, under such rules as they may prescribe, receive into the institution, whenever it may be convenient so to do, infants, between the ages of ten and eighteen years, committed to its custody by any judge of a superior court, on the written complaint of the parents or guardian of the infant, for reasons stated.

Section 24 provides: "Said board of trustees shall, with the approval of the governor, estimate and determine as near as may be the actual expense per month of keeping and taking care of each infant committed to said institution, under the provisions of section 20 of this act, not including the use of the grounds and buildings, and shall include a statement of such estimated price in each biennial report to the governor. When any infant is committed to said institution at the instance of his or her parent or guardian, or other protector, the cost of keeping said infant, including the cost of transporting to and from the institution, shall be wholly paid by such parent or guardian, unless, by reason of the poverty of such parent or guardian, or other good cause, said board of trustees shall otherwise order and direct; in each case such expenses, including

the cost of transportation, shall be borne one-half by the county from which such infant is committed, and the remaining one-half shall be borne by the state."

In 1893 the act was amended in several respects. (Stats. 1893, p. 328.) The name of the institution was changed to that of "The Whittier State School," and the purpose for which it was established was declared to be " the discipline, education, employment, reformaiion, and protection of juvenile delinquents in the state of California."

Section 24, as amended, is as follows: " Said board of trustees shall, with the approval of the governor, estimate and determine, as near as may be, the actual expenses per month of keeping and taking care of each minor committed to said institution, not including the use of grounds and buildings, and shall include a statement of such estimated price in each biennial report to the governor. When any minor is committed to said institution at the instance of his or her parent or guardian, or other protector, the cost of keeping said minor, including the cost of transportation to and from the institution, shall be wholly paid by such parent or guardian, unless, by reason of the poverty of such parent or guardian, or other good cause, said board of trustees shall otherwise order and direct; in such case, such expenses, including the cost of transportation, shall be borne one-half by the county from which such minor is committed, and the remaining one-half shall be borne by the state; and, in every case where a minor who has no parent, guardian, or other protector, who is able to pay the cost of transportation to, and cost of maintenance at said school, is committed thereto, such cost of transportation and maintenance of such minor shall be borne one-half by the state and the other half by the county from which said minor is committed."

It is contended for appellant that the meaning and import of section 24 was not changed by the amendment in any material respect; that in so far as the section still imposes upon counties the burden of paying

one-half of the expense of the transportation and maintenance of minors, it refers to the class who are incorrigible or abandoned and indigent, and are committed under the provisions of section 20, and not to the criminal class, who are committed for violation of the penal statutes of the state.

It will be observed, however, that in the amended section the words, *" under the provisions of section 20 of this act"* are entirely omitted; and it is made the duty of the board to estimate the expense of keeping *each* minor committed to said institution. If the legislature had intended to charge the counties only with the expense of keeping minors committed under the provisions of section 20, no reason is perceived why those words were eliminated from the section as originally passed. Again, there was added by the amendment the clause: "And *in every case*"—not merely in the case of incorrigibles, etc.—"where a minor who has no parent, guardian, or other protector, who is able to pay the cost of transportation to, and cost of maintenance at, said school, is committed thereto, such cost . . . . shall be borne one-half by the state and the other half by the county," etc.

This language seems plain and unequivocal, leaving no room to doubt that the legislature intended to impose upon the counties the burden of paying one-half of the expense of keeping all minors committed to the institution for any cause whose parents, guardians, or other protectors were unable to pay such expense.

That the legislature was authorized to pass such an act, and impose such burdens upon the counties, was, in effect, held in *Aid Soc.* v. ,*Reis*, 71 Cal. 627.

It follows that the demurrer was properly overruled, and the judgment should be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

HARRISON, J., VAN FLEET, J., GAROUTTE, J.